**[DO NOT PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2005
THOMAS K. KAHN
CLERK

_____

**No. 05-11044**
**Non-Argument Calendar**

_____

D. C. Docket No. 04-80073-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAUL GUSTAMA,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Southern District of Florida**

_____

**(November 29, 2005)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

**PER CURIAM:**

Saul Gustama appeals his 12-month, 1-day sentence for wire fraud in violation of 18 U.S.C. §§ 1343 and 2. Although Gustama waived his Sixth Amendment rights pursuant to his plea agreement, this appeal asks us first to consider (1) whether he may still appeal his sentence on the ground that the district court committed statutory error when it sentenced him pursuant to a mandatory guidelines system; and then (2) whether any such error was harmless. We find that he may appeal and that the error was not harmless. We VACATE and REMAND for resentencing.

## I. BACKGROUND

A federal grand jury returned a seven-count indictment against Gustama, charging him with wire fraud in violation of 18 U.S.C. §§ 1343 and 2. Gustama had defrauded a number of individuals in an e-Bay sales scheme in which he promised to sell certain items, accepted payment, and then never shipped the items. The probation officer determined that Gustama had obtained a total of $77,161 from various individuals.

Pursuant to a plea agreement, Gustama pled guilty to count Seven of the indictment. According to the plea agreement, Gustama "waive[d] any constitutional challenge to the Sentencing Guidelines, waive[d] indictment and trial by jury on all findings relevant to sentencing, and agree[d] that the Court [would]

make all such findings by a preponderance of the evidence based on any reliable evidence, including hearsay." R1-28 at 2.

During the plea colloquy, the district court questioned Gustama about his plea agreement, relating the constitutional waiver to Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and explaining Gustama's constitutional rights in detail. The district court particularly explained Gustama's right to jury fact-finding, the preponderance of evidence standard, and the possibility that the Federal Sentencing Guidelines might soon be deemed unconstitutional by the Supreme Court. Gustama indicated that he understood the waiver provision and agreed to it. After these warnings, the district court accepted the plea.

Using the 2002 Sentencing Guidelines, the probation officer set Gustama's offense level at 15 with a criminal history level of I. At the sentencing hearing, Gustama successfully challenged the amount of money used to calculate his offense level and had it reduced to 13. This gave him a guideline range of 12-18 months. The maximum sentence under the statute was 20 years imprisonment.

The district court sua sponte raised the issue of Booker,[1] which was then pending. The court stated that the sentence it was going to impose was greater than the sentence it would have chosen had the guidelines been advisory. The court

---

[1]543 U.S. ___, 125 S. Ct. 738 (2005).

3

then delayed the imposition of sentence for 30 days, in anticipation of the Supreme Court's ruling in Booker, and sentenced Gustama to 12 months and one day, pursuant to the Sentencing Guidelines.

After the Supreme Court handed down its decision in Booker, the district court reconvened the sentencing hearing, but concluded that, although a judgment had not been entered, because more than ten days had passed since the sentence had been stated, it lacked jurisdiction to change the sentence under Federal Rule of Criminal Procedure 35. The court also stated that, if it had still had jurisdiction, it would have given Gustama a sentence of supervised release, emphasizing that it so stated "[s]o, there [could be] no way that this error [could] be construed as harmless." R4 at 101.

On appeal, Gustama contends the district court sentenced him pursuant to a mandatory guidelines scheme, contrary to the Supreme Court's decision in Booker, and our decision in United States v. Shelton, 400 F.3d 1325 (11th Cir. 2005). The government responds that he waived his right to appeal in his plea agreement.

## II. DISCUSSION

A. Waiver of Appeal

We review the question of whether a defendant has waived his right to appeal his sentence de novo. United States v. Benitez-Zapata, 131 F.3d 1444, 1446

4

(11th Cir. 1997). "A plea agreement is, in essence, a contract between the government and a criminal defendant." United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999). Waiver in a plea agreement is enforceable when the Government can show "either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir.) (per curiam), cert. denied, __ U.S. __, 125 S. Ct. 2279 (2005). Where a dispute arises concerning the meaning of the language in the agreement, we resort to an analysis of the terms of the plea agreement according to objective standards. United States v. Rewis, 969 F.2d 985, 988 (11th Cir. 1992). Any ambiguities must be construed against the government. United States v. Jefferies, 908 F.2d 1520, 1523 (11th Cir. 1990).

As is permitted under Blakely, Gustama waived his Sixth Amendment rights when he signed the plea agreement. See 542 U.S. at 310, 124 S. Ct. at 2541. The plea agreement stated that he "waive[d] any constitutional challenge to the Sentencing Guidelines, waive[d] indictment and trial by jury on all findings relevant to sentencing, and agree[d] that the Court [would] make all such findings by a preponderance of the evidence based on any reliable evidence, including hearsay," and the district court explained the provision in detail. R1-28 at 2. The

5

record clearly indicates that Gustama understood the significance of his waiver.

As we have clarified, however, Booker claims are not limited to constitutional objections. Shelton, 400 F.3d at 1331 (statutory error under "Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory.") The plea agreement does not state that Gustama cannot make a statutory challenge as to the mandatory guidelines. Because a plea agreement must be construed strictly against the government, we find that although Gustama may not challenge his sentence on constitutional grounds, he may challenge it under Booker on statutory grounds.

B. Booker Claim

This issue was raised in the district court and is therefore preserved. See United States v. Reese, 397 F.3d 1337, 1337 (11th Cir. 2005) (per curiam). We review a defendant's preserved Booker claim on appeal de novo, but reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam) (citation omitted). As noted, a Booker "statutory error occurs when the district court sentences a defendant 'under a mandatory [g]uidelines scheme, even in the absence of a Sixth Amendment enhancement violation.'" United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005) (per curiam). Booker statutory errors are subject to a less demanding harmless error test than are constitutional

6

errors. Id. at 1292. "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." Id. (citations, omissions, and alterations omitted). The government has the burden of proof. See id.

In this case, the district court erred in sentencing Gustama under a mandatory guidelines system. At sentencing, the district court stated that "the sentence [it was] imposing under the guidelines would not be the sentence [it] would impose if [it] had the discretion prior to the enactment of the guidelines." R3 at 83. At the post-Booker hearing, the district court stated that its sentence against Gustama was in error, but that it lacked the jurisdiction to change it. R4 at 101. Further, the district court also clarified that if it had had jurisdiction over the case at that time, its "intent would [have been] to put Mr. Gustama on supervised release for a period of time." Id. In light of the district court's definitive statements, both during sentencing and when it recalled the parties post-Booker, it is clear that the error had an effect on sentencing. The Booker statutory error was, therefore, harmful.

### III. CONCLUSION

7

Gustama appeals his sentence on the ground that the district court committed statutory error when it sentenced him pursuant to a mandatory guidelines system. We find that he preserved his right so to appeal, that there was error, and that that error was harmful. Accordingly, we **VACATE** and **REMAND** for resentencing.