**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eddie Raymond REWIS, Defendant–
Appellant.**

No. 89–3289.

United States Court of Appeals,
Eleventh Circuit.

Aug. 20, 1992.

Arthur Joel Berger, Law Office of Arthur Joel Berger, Miami, Fla., for Rewis.

William David Keene, pro se.

Susan Daltuva, Asst. U.S. Atty., Fort Myers, Fla., for plaintiff-appellee.

Before KRAVITCH and DUBINA, Circuit Judges, and RONEY, Senior Circuit Judge.

DUBINA, Circuit Judge:

The appellant, Eddie Raymond Rewis ("Rewis"), challenges his sentence imposed after Rewis entered a guilty plea to the charges contained in the indictment. Since the record demonstrates that the government breached its plea agreement with Rewis, we vacate his sentence and remand this case for resentencing before a different judge.[1]

## I. BACKGROUND

Rewis was a commercial fisherman, who owned his own boat. His activities in the marijuana smuggling operation at issue in this case were limited to supplying one of the transport boats and its crew. Rewis' boat could hold between 15,000 and 20,000 pounds of marijuana.

The case against Rewis resulted from an investigation conducted by a task force made up of various law enforcement agencies, code named *Operation Peacemaker*. *Operation Peacemaker* focused on marijuana smuggling activities in the coastal areas of southwest Florida. Rewis, along with his codefendants, had smuggled approximately 52,000 pounds of marijuana into southern Florida when *Operation Peacemaker* intervened.

A federal grand jury in Fort Myers, Florida, indicted Rewis along with twenty-six other individuals for (1) conspiracy to import in excess of 1,000 kilograms of marijuana in violation of 21 U.S.C. § 963; (2) the importation of 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 952 and 18 U.S.C. § 2; (3) conspiracy to possess with the intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846; and (4) possession with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[2]

After the trial had commenced, Rewis, pursuant to an oral plea agreement, pled guilty to all four counts. Subsequently, the plea agreement was reduced to writing, and Rewis' reaffirmed guilty plea was accepted by the district court.

At sentencing before a different district judge, Rewis was sentenced to concurrent terms of forty (40) years' imprisonment without parole on all four counts. In addition, Rewis was sentenced to a special parole term of five (5) years for the two substantive offenses contained in counts two and four of the indictment. Also, a special assessment of $50.00 for each count was imposed.

Rewis raises the following seven issues on appeal: (1) whether the sentencing court penalized Rewis for exercising his Fifth Amendment rights by refusing to cooperate; (2) whether the government breached the plea agreement when it exercised its right of allocution; (3) whether Rewis was denied due process through the government's sentencing memorandum; (4) whether remand is required for resolution of disputed facts under Fed.R.Crim.P. 32; (5) whether the concurrent sentencing doctrine precludes inquiry into whether the sentencing court erroneously applied man-

---

1. Both Rewis and the government stress that the sentencing errors were not the result of improper conduct by the district court, nor bad faith on the part of the government. We agree that the errors most likely resulted from the large number of defendants being sentenced and the hos- tile environment existing in the community and around the courthouse at the time of sentencing.

2. All offenses occurred prior to the effective date of the federal sentencing guidelines.

datory minimum sentences for the conspiracy counts; (6) whether the district court abused its discretion in formulating non-parolable sentences for violations of 21 U.S.C. §§ 846 and 963; and (7) whether the district court erred in imposing a term of special parole, rather than a term of supervised release for the substantive controlled substance offenses.

Our review of the record persuades us that there is merit to several of Rewis' arguments, but since our holding concerning issue two requires that we vacate Rewis' sentence and remand the case for re-sentencing before a different district judge, we will confine our analysis to the issue of whether the government breached its plea agreement with Rewis.[3]

## II. ANALYSIS

At issue is whether the government breached section 1(b) of the written plea agreement which provided that,

[t]he government reserves its right of allocution, that is, to make known to the United States Probation Office and to the Court all relevant facts regarding *the offenses*. However, the government agrees not to recommend what sentence should be imposed.

*Plea Agreement,* sec. 1(b) (emphasis added). In addition, the plea agreement specifically provided that Rewis was not under an obligation to cooperate, but if he did cooperate, the government would ask the district court for a downward departure.

Rewis alleges that the plea agreement was breached by the government's sentencing memorandum. The government ended its sentencing memorandum, in part, with the following statements:

... He [Rewis] decided not to cooperate with the law enforcement officers.... He also shares responsibility with a core group ... who have persuaded others

not to cooperate. This man would rather remain an "outlaw smuggler" with a code of silence and intimidation, part of the problem, than become part of the solution.... [H]e is a second generation smuggler. Eddie Rewis has consistently maintained that he will say nothing about past or current activities involving smuggling despite all government efforts to gain his cooperation. If he were truly sorry ..., he would have cooperated.

... A defendant should not be rewarded for deciding to remain silent and part of the problem. The government views cooperation as truly severing the ties with illegal activities, something this defendant was unwilling to do.

By taking into account the extent of defendant's illegal activity and the fact that he has rebuffed all efforts of law enforcement to gain his cooperation, this Court will establish a wide-ranging deterrent for those who would follow the illegal footsteps of the defendant.

Rewis argues that the government's sentencing memorandum was a "diatribe" that, in effect, recommends a sentence substantially higher than the mandatory minimum sentence because he did not cooperate. Rewis also argues that the memorandum's emphasis on his lack of cooperation and his past involvement with drug smuggling breached the plea agreement's limitation of the prosecutor's right of allocution to "all relevant facts regarding the offenses." Rewis argues that the government should have limited its allocution only to relevant facts pertaining to the specific crimes and should not have discussed Rewis' lack of cooperation after the crimes, nor his nonviolent criminal activity that occurred prior to the crimes.

---

3. At oral argument, the Assistant United States Attorney conceded that the case was "definitely" going back for resentencing. She stated that resentencing is required because (1) a finding of fact is required under Fed.R.Crim.P. 32; (2) mandatory minimums do not apply to sentencing on the conspiracy counts; (3) a conspiracy under current case law is parolable; and (4) the

Supreme Court has held that supervised release should apply rather than a special parol term. The Assistant United States Attorney also stated that since the case must be sent back for resentencing, the only question remaining before this court is how and to whom the case should go back.

■ When a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *United States v. Boatner,* 966 F.2d 1575 (11th Cir.1992); *United States v. Carrazana,* 921 F.2d 1557, 1568 (11th Cir.1991). Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered the plea. *Boatner,* 966 F.2d at 1577; *United States v. Nelson,* 837 F.2d 1519 (11th Cir.1988). If the defendant's understanding is disputed by the government, we determine the terms of the plea agreement according to objective standards. *Nelson,* 837 F.2d at 1522.

Rewis' guilty plea was clearly induced by the agreement he reached with the government. He is therefore entitled to specific performance of the terms of that agreement as he reasonably understood them at the time of his plea. The outcome of this case centers around what Rewis could have reasonably understood the terms of his plea agreement to mean and whether the government's actions breached the agreement.

In *United States v. Jefferies,* 908 F.2d 1520 (11th Cir.1990), we set out the proper analysis for interpreting a plea agreement. First, a "hyper-technical reading of the written agreement" and "a rigidly literal approach in the construction of the language," should not be accepted. Second, the written agreement should be viewed "against the background of negotiations" and should not be read to "directly contradic[t] [an] oral understanding." Third, a plea agreement that is ambiguous "must be read against the government." *Id.* (quoting *In re Arnett,* 804 F.2d 1200, 1203 (11th Cir.1986)). As stated in *Jefferies,* the method of interpretation should be strictly adhered to because a plea agreement constitutes a waiver of "substantial constitutional rights" and, therefore, a defendant must be adequately informed of the consequences of the waiver. *See Arnett,* 804

F.2d at 1203. If we do not enforce Rewis' reasonable understanding of the plea agreement, he cannot be said to have been aware of the consequences of his guilty plea.

■ Rewis contends that he believed the agreement limited the government's right of allocution to facts relevant to the current offenses and that the government also agreed not to recommend a sentence, unless it involved a downward departure. We are persuaded that Rewis' understanding of the plea agreement was reasonable. In addition, the record demonstrates that the government breached the plea agreement by dwelling on Rewis' noncooperation. Although the sentencing judge can take noncooperation of the defendant into account in sentencing, the government through its plea agreement was bound not to emphasize evidence not related to the offenses. It is not our function to determine if the government made a wise choice in entering into such an agreement, we merely must ensure that plea agreements are followed. *See Jefferies,* 908 F.2d at 1523 ("Plea agreements are interpreted and applied in a manner that is sometimes likened to contractual interpretations.").

Rewis also contends that he understood the plea agreement to foreclose the government from suggesting a sentence. He argues that the government's "diatribe" about his noncooperation and how noncooperation must be deterred to stave off the encroaching criminal element, acted to suggest an elevated sentence. We agree that the government's statements about sentencing, although not specific, suggested a harsh sentence. That result is exactly what Rewis, in placing the restriction on the government's ability to suggest a sentence, wished to avoid.

Rewis understood the plea agreement to allow the government to comment on the particular offenses only and not to suggest a sentence. That understanding of the plea agreement was reasonable and it was breached by the government.

■ There are two remedies available when a plea agreement is breached: (1)

remand the case for resentencing according to the terms of the agreement before a different judge, or (2) permit the withdrawal of the guilty plea. *Boatner*, 966 F.2d at 1579. The choice of remedies lies within our judicial discretion. *Id.* Since Rewis does not desire to withdraw his guilty plea, and since his request for specific performance of the agreement is justified by his adherence to his side of the bargain, we will honor his request.[4]

### III. CONCLUSION

For the foregoing reasons, we vacate Rewis' sentence and remand this case for resentencing before a different district judge.

VACATED and REMANDED.

---

**4.** During oral argument, Rewis' counsel made it clear that Rewis did not wish to withdraw his guilty plea and that he only wanted the government to uphold its side of the plea agreement.