[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10272
Non-Argument Calendar
_____

D. C. Docket No. 04-20203-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRYLL ANTHONY FLINT,
a.k.a. Tony,
a.k.a. Slick,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 2, 2005)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Jerryll Anthony Flint appeals his conviction and sentence of 262 months' imprisonment for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. After review, we conclude that the government did not breach the plea agreement and that Flint's sentence appeal waiver is enforceable.

## I. BACKGROUND

Pursuant to a written plea agreement, Flint pled guilty to conspiracy to possess with intent to distribute 5 kilograms of cocaine and 50 grams or more of cocaine base (crack).

### A.    The Plea Agreement

As part of the plea agreement, the government expressly reserved the right to inform the district court regarding all facts pertinent to Flint's sentencing, including Flint's background, as follows:

> The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.

As part of the plea agreement, the government agreed to make these recommendations.

10.   The United States and the defendant agree that, although not

2

binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed.

(a). Quantity of narcotics: That the quantity of controlled substance involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines and is between at least 5 kilograms but less than 15 kilograms of cocaine, that would result in a base offense level of 32.

(b). No Role Adjustment: That the defendant should not receive an adjustment for role in the offense pursuant to Sections 3B1.1 or 3B1.2 of the Sentencing Guidelines.

(c). No other basis for downward departure: That the defendant agrees that there is no other basis for a downward departure.

The government also agreed to recommend to the district court that Flint receive a 3-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and that Flint be sentenced at the low end of the Guidelines range.

The plea agreement further stated that "[s]ubject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment."

The plea agreement also contained a sentence-appeal waiver provision, which stated that Flint waived his right to appeal his sentence, except for (1) an upward departure by the sentencing judge, (2) a sentence above the statutory maximum, or (3) an appeal by the government. The appeal waiver expressly provided that Flint waived his right "to appeal the sentence on the ground that the

3

sentencing guidelines are in any respect unconstitutional, or on the grounds that any fact found by the [c]ourt at sentencing was not alleged in the indictment, admitted by [him], found by a jury, or found beyond a reasonable doubt."

**B.    Plea Colloquy**

At the plea colloquy, Flint indicated that he had discussed the plea agreement with his attorney and understood its terms.  The district court then informed Flint that the United States Supreme Court recently decided <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004).  The district court explained to Flint that <u>Blakely</u> could impact his case, but, under his plea agreement, he was waiving any argument that he could raise as to the constitutionality of the Guidelines.  Flint indicated that he understood that he was waiving any rights that he had under <u>Blakely</u>.

The district court noted that the parties had agreed that the amount of drugs attributable to Flint would result in a base offense level of 32.  Further, the district court found that his plea was knowingly and voluntarily made and adjudicated him guilty.

**C.    PSI and Sentencing**

The Presentence Investigation Report ("PSI") recommended that Flint's base offense level was 32, pursuant to U.S.S.G. § 2D1.1(c)(4), and that Flint was a

career offender because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. Because Flint's offense of conviction had a statutory maximum sentence of life imprisonment, his enhanced offense level was 37 and his criminal history category VI, pursuant to U.S.S.G. § 4B1.1(b).[1]

The PSI then applied a 3-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. With a total offense level of 34 and a criminal history category of VI, Flint's Guidelines range was 262-327 months' imprisonment. Flint did not object to any of the offense-level calculations.

At the sentencing hearing, the government noted that the PSI classified Flint as a career offender and that the government did not enter into any agreement with the defendant regarding the career offender enhancement. Flint responded that, since the parties had agreed that his base offense level should be 32, the government was trying to argue against the plea agreement by asking the district court to sentence him as a career offender. Flint also asserted that he should have

---

[1]U.S.S.G. § 4B1.1(b) states:
Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

| Offense Statutory Maximum | Offense Level |
| --- | --- |
| (A)     Life | 37 |

U.S.S.G. § 4B1.1(b).

received notice that he would be subject to the career offender enhancement to his offense level.

The district court overruled Flint's objection, concluding the government did not breach the plea agreement. The district court further indicated that it was unaware of any notice requirements for application of the career offender provision. After adopting the findings of the PSI, the district court sentenced Flint to 262 months' imprisonment.

## II. DISCUSSION

### A.     No Breach of Plea Agreement

On appeal, Flint first argues that because (1) the government agreed to recommend to the district court that he receive a base offense level of 32, and (2) because the plea agreement did not contain any provision for enhancing his sentence, the government breached the plea agreement by urging the district court to sentence him as a career offender.[2]

"Whether the government violated the [plea] agreement is judged according to the defendant's reasonable understanding at the time he entered the plea." United States v. Rewis, 969 F.2d 985, 988 (11th Cir. 1992). If the government disputes the defendant's understanding, however, we determine the terms of the

_____

[2]We review de novo the question of whether the government has breached a plea agreement. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998).

agreement according to objective standards. <u>Id.</u>

We conclude that the government clearly did not breach the plea agreement. First, the plea agreement did not contain any agreement as to Flint's <u>total</u> offense level or his criminal history category. The plea agreement simply stated that the parties agreed on the drug quantity, which "would result in a <u>base offense level</u> of 32." (Emphasis added). Further, the government expressly reserved the right to inform the district court regarding all facts pertinent to Flint's sentencing, including Flint's background. The government also expressly reserved the right to make other sentencing recommendations subject only to its drug quantity, role adjustment, and downward departure recommendations. Thus, the government did not breach the terms of the plea agreement by advocating that the district court sentence Flint as a career offender.

## B. <u>Booker</u> Claim

Flint also argues that, because the district court applied the pre-<u>United States v. Booker</u>, 543 U.S. ___, 125 S. Ct. 738 (2005) mandatory Guidelines scheme, his case should be remanded for resentencing.

"[T]he right to appeal a sentence based on <u>Apprendi/Booker</u> grounds can be waived in a plea agreement." <u>United States v. Rubbo</u>, 396 F.3d 1330, 1335 (11th Cir. 2005); <u>United States v. Grinard-Henry</u>, 399 F.3d 1294, 1297 (11th Cir.), <u>cert.</u>

7

<u>denied</u>, 125 S. Ct. 2279 (2005). We will enforce a sentence-appeal waiver contained in a plea agreement where the government demonstrates either that: "(1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." <u>United States v. Benitez-Zapata</u>, 131 F.3d 1444, 1446 (11th Cir. 1997).[3]

In this case, the district court specifically questioned Flint about the waiver during the plea colloquy, and none of the exceptions to the waiver applies to this case. Thus, we will enforce Flint's knowing and voluntary appeal waiver. Because Flint's plea agreement contained a valid sentence-appeal waiver, he has waived the right to raise a <u>Booker</u> argument on appeal.

Accordingly, we affirm Flint's conviction and reject his appeal as to his sentence challenge.[4]

**AFFIRMED.**

---

[3]"[T]he determination of whether a defendant effectively–that is knowingly and voluntarily– waived his right to appeal his sentence is a question of law that this court reviews <u>de novo</u>." <u>United States v. Bushert</u>, 997 F.2d 1343, 1352 (11 Cir. 1993).

[4]Flint also maintains that his case should be remanded for resentencing because the district court now has the discretion to grant a departure based on the substantial assistance that he provided to the government. Because Flint signed a valid sentence-appeal waiver, this argument also is meritless.