[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10884
Non-Argument Calendar
_____

D. C. Docket No. 05-00004-CR-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD G. HUTCHESON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 21, 2006)**

Before BARKETT, MARCUS  and WILSON , Circuit Judges.

PER CURIAM:

Richard G. Hutcheson appeals his 54-month sentence for mail fraud,

violation of 18 U.S.C. §§ 1341 and 1346.  According to the terms of his plea agreement, the government agreed to disclose, at sentencing, the extent of Hutcheson's cooperation and to recommend a sentence at the low end of the guideline range.  At the sentencing hearing, Hutcheson presented four character witnesses testifying on his behalf, and he and his counsel testified as to Hutcheson's acceptance of responsibility and cooperation with authorities.  The government responded by making a low-end recommendation, expressly noting that it was doing so pursuant to the plea agreement.  Immediately following this recommendation, however, the government proceeded to list aggravating factors illustrating the seriousness of Hutcheson's offense.  The district court acknowledged mitigation as a result of Hutcheson's cooperation, but ultimately concluded that the guideline range of 46 to 57 months was appropriate based on the seriousness of the offense. Hutcheson did not object either to the sentence or to the manner in which it was imposed.

On appeal, Hutcheson argues that the government breached his plea agreement and requests that we remand his case for re-sentencing.  He argues that the government improperly failed to make the extent of his cooperation known to the district court, and contradicted its low-end sentence recommendation.

A material promise by the government, which induces the defendant to plead

guilty, binds the government to that promise. Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). When a plea rests in any significant portion on the government's promise or agreement, so that it becomes part of the inducement or consideration, such promise must be fulfilled. Id. "Whether the government violated the agreement is judged according to the defendant's reasonable understanding of the agreement at the time he entered the plea." United States v. Rewis, 969 F.2d 985, 988 (11th Cir. 1992). For the government expressly to agree to recommend a position and then advocate a contrary position is a clear breach of a plea agreement. See United States v. Taylor, 77 F.3d 368, 370-371 (11th Cir. 1996). In Taylor, the government affirmatively advocated to the district court positions that contradicted its express obligations under the plea agreements. Id. A recommendation by the government that merely provides "lip service" to the plea agreement does not rectify the breach. Id. at 371.

Here, when asked what its position was as to Hutcheson's sentence, the government initially responded that "pursuant to the plea agreement [it] agreed to recommend the low end of the. . .applicable guideline range," and thus made that recommendation. (R3 at 10). Immediately following this recommendation, however, the government stated the following:

3

I do note, though, your honor, the factors of [18 U.S.C. §] 3553 counsel a sentence I think within that guideline range [based on] the seriousness of the offense and nature and circumstances. This was a crime that went on for over ten years that involved over $2 million, it had a substantial impact upon the victim, the hospital here, also collateral impact to the extent of funds [the hospital] had to expend to unravel this web of deceit that Mr. Hutcheson carried out, and Mr. Hutcheson involved other people in that deceit as well, and the collateral impact on them.I think a sentence within the guideline range would promote respect for the law [and] would provide just punishment for the defendant in this case and would reflect his cooperation, and to the extent that he has already made some restitution for that.

(Id. at 10-11). The district court then stated that, "in view of the amount of the loss, which was certainly considerable, the length of time which the fraud or embezzlement went on, and the fact that it was a community hospital,. . .it [was] certainly a serious offense." (Id. at 11). The district court acknowledged that Hutcheson's offense was "somewhat mitigated by [his] cooperation" and that he was "entitled to acceptance of responsibility," but nonetheless concluded that the guideline range was "an appropriate range of punishment" based on "the seriousness [of the offense], the amount of money involved, [and] the amount of restitution still remaining due." (Id. at 11-12) The district court ultimately sentenced Hutcheson to 54 months' imprisonment, and Hutcheson made no objections to the PSI or to the application of the guidelines. (Id. at 13-14).

The government advocated a position contrary to its obligation when it

4

focused on aggravating factors that were inconsistent with a low-end sentence. See Taylor, 77 F.3d at 370-71. Hutcheson reasonably could have expected that the government would refrain from suggesting a harsher sentence. See Rewis, 969 F.2d at 988. The government does not dispute Hutcheson's understanding, but instead insists that it fulfilled its obligation to report the extent of Hutcheson's cooperation and recommend a sentence at the low end of the guidelines. Further, although the government reserved the right to inform the court of all the facts and circumstances of his case, and suggests that it made these statements simply as a threshold matter, it appears from the record that the government's comments were not intended to provide information but rather to suggest a harsher sentence. See Taylor, 77 F.3d at 370-71.

The government was also bound by its promise to disclose the extent of Hutcheson's cooperation to the district court at the sentencing hearing. See Santobello, 404 U.S. at 262, 92 S.Ct. at 499. Although the government contends that its disclosure to the probation officer, for inclusion in the PSI, was sufficient, the language of the plea agreement does not necessarily lead to that conclusion. The agreement stated that the government would "make the extent of [Hutcheson's] cooperation known to the sentencing court." (See R1-4 at 4). Whether that language can be read to encompass the actions taken by the

5

government is at best unclear and ambiguous, and thus, it appears that the government may have breached the plea agreement on this point as well.

However, irrespective of any breach, Hutcheson must still show plain error in order for us to remand for resentencing, because he did not raise any such objection to his sentence when it was imposed. As we have previously held, if "the district court affords a defendant an opportunity to object after the imposition of sentence, and he fails to do so, any objections to the sentence are barred absent manifest injustice. [We] equate[] the manifest injustice inquiry with review for plain error." United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. United States v. Shelton, 400 F.3d 1325, 1328-29 (11th Cir. 2005), cert. denied, 126 S.Ct. 1809 (2006). If these three prongs are met, we may exercise our discretion to notice this error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 1329 (citation omitted).

Hutcheson has not carried his burden under the third prong of the plain error test. For an error to affect substantial rights, "in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1778,

6

123 L.Ed.2d 508 (1993); United States v. Rodriguez, 398 F.3d 1291, 1299, 1306 (11th Cir.) cert denied, 125 S. Ct. 2935 (2005). When addressing the prejudice prong of plain error review in the context of a sentence imposed after the breach of a plea agreement, we have found plain error where the breach resulted in a higher sentencing range under the guidelines. United States v. Romano, 314 F.3d 1279, 1281-82 (11th Cir. 2002). Conversely, we have refused to remand for resentencing where there was no effect on a defendant's sentence. United States v. Forney, 9 F.3d 1492, 1503-04 (11th Cir. 1993).

Hutcheson did not receive a sentence within a higher range, see Romano, 314 F.3d at 1281-82, and arguably a remand would not effect his sentence based on the district court's findings, see Forney, 9 F.3d at 1503-04. The district court in fact expressly acknowledged Hutcheson's cooperation, noting that his offense was "somewhat mitigated." (See R3 at 10-11). Furthermore, even though the government may have inappropriately emphasized aggravating factors, in violation of the agreement, all of the disclosed information was contained in the PSI and thereby known to the district court. (See PSI ¶¶ 5-26). Thus, even if Hutcheson has established a breach, he has not established that the government's breach affected his substantial rights because it was not likely to have affected the outcome of his sentencing. See Olano, 507 U.S. at 734, 113 S.Ct. at 1778.

Accordingly, Hutcheson cannot meet the third prong of the plain error test, and we must affirm his sentence.

**AFFIRMED.**