[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15237
Non-Argument Calendar

_____

D. C. Docket No. 05-00438-CR-JTC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL ALVAREZ-HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 27, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Rafael Alvarez-Hernandez appeals his 329-month sentence, which was imposed after he pled guilty to conspiracy to possess with intent to distribute 500

grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). On appeal, Alvarez-Hernandez argues that the district court erred at sentencing by basing its findings on evidence not having sufficient indicia of reliability. The government responds that the sentence-appeal waiver in Alvarez-Hernandez's written plea agreement precludes consideration of this issue. Alvarez-Hernandez also argues that the government breached the plea agreement at sentencing by using against him information provided by Alvarez-Hernandez himself, pursuant to his cooperation with the government. We dismiss in part and affirm in part.

We review a sentence-appeal waiver de novo. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). A sentence-appeal waiver contained in a plea agreement, made knowingly and voluntarily, is enforceable. Id. at 1350. To enforce the sentence appeal waiver, the government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. Id. at 1351. "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues – indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999). Moreover, "a

2

vigorous dispute about an issue during the sentencing proceedings does not preserve that issue for appeal when the terms of the appeal waiver do not except it from the waiver." United States v. Bascomb, 451 F.3d 1292, 1296 (11th Cir. 2006).

Alvarez-Hernandez signed a plea agreement which provided the following concerning his ability to appeal his sentence:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, expect that the defendant may file a direct appeal of an upward departure from the otherwise applicable guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of his sentence.

As part of the plea colloquy, the district court discussed with Alvarez-Hernandez his competency and understanding of the plea agreement, including the effect of the sentence-appeal waiver on his appellate rights. Alvarez-Hernandez indicated that he understood the waiver, and the district court found him to be competent to enter the plea and found that he understood the proceedings. On this record, we are satisfied that Alvarez-Hernandez's plea agreement, and more specifically, the sentence-appeal waiver, was knowingly and voluntarily executed. Accordingly, we dismiss this appeal as to Alvarez-Hernandez's arguments concerning the

3

district court's factual findings at sentencing since those arguments plainly come within the scope of the appeal waiver.

As for Alvarez-Hernandez's claim that the government breached the plea agreement, we review this issue de novo. See United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir.1998). We determine whether the government violated the plea agreement according to the defendant's reasonable understanding at the time he entered the plea. United States v. Rewis, 969 F.2d 985, 988 (11th Cir. 1992). If the government disputes the defendant's understanding, however, this Court determines the terms of the agreement according to objective standards. Id.

Here, while the plea agreement provided that the government would not use Alvarez-Hernandez's self-incriminating statements, made pursuant to the plea agreement, for the purpose of determining the sentencing guideline range, a review of the sentencing proceedings makes clear that neither the government nor the district court considered, or otherwise used the protected statements, in determining the offense level or Guidelines range. Accordingly, we affirm Alvarez's conviction and sentence.

**DISMISSED IN PART; AFFIRMED IN PART.**