**UNITED STATES COURT OF APPEALS**

**July 14, 2010**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

LYLE MICHAEL SPENCER,

      Defendant–Appellant.

No. 09-2289
(D.C. No. 1:07-CR-01767-LH-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McWILLIAMS**, and **LUCERO**, Circuit Judges.

Lyle Michael Spencer appeals his conviction and sentence for involuntary

manslaughter and assault resulting in serious bodily injury.  Exercising jurisdiction under

28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

**I**

On August 5, 2007, Spencer was driving while intoxicated in Indian Country.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 32.1.

Speeding in excess of 100 miles per hour, he crashed into the rear of another vehicle, killing one passenger and seriously injuring another.

Pursuant to a written plea agreement, Spencer pled guilty to involuntary manslaughter in violation of 18 U.S.C. § 1112 and assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6).  In exchange, the government promised that it would not bring additional charges and stipulated that Spencer was entitled to a two- to three-level reduction for acceptance of responsibility.  However, the plea agreement was expressly limited as follows:

> a.      The United States has made, and will make, NO AGREEMENT pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that a specific sentence is the appropriate disposition of this case.
>
> b.      The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., any request made by the defendant or on behalf of the defendant for a particular sentence in this case.
>
> c.      The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32(c)(2), Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

A Presentence Investigation Report ("PSR") prepared the Unites States Probation Office calculated a total offense level of twenty-one after deducting three levels for acceptance of responsibility.  It further assessed Spencer five criminal history points based on three prior driving under the influence ("DUI") convictions and the fact that the instant offense was committed while Spencer was on probation, leading to a criminal history category of III.  Using these values, and identifying no reason to depart from the

-2-

advisory Guidelines range, the PSR recommended a sentence of forty-six to fifty-seven months' imprisonment.

Following preparation of the PSR, the government moved for an upward departure or variance. It sought a sentence of 120 months. Spencer moved to strike the motion, arguing that the government's actions violated the plea agreement.

The district court conducted three sentencing hearings. During these hearings, the court heard argument on Spencer's motion to strike and evidence from two accident reconstruction experts. At the first hearing, the court denied Spencer's motion to strike and announced that it was inclined to vary upward. Before imposing a sentence, the court provided Spencer an opportunity to withdraw his plea. Spencer declined.

At the final sentencing hearing, the court concluded that the PSR properly calculated the advisory Guidelines range as forty-six to fifty-seven months. However, the court determined that several 18 U.S.C. § 3553(a) factors warranted a sentence above that range. It noted that Spencer's actions resulted in the death of a woman and serious injuries to a twelve-year-old girl, that Spencer refused a breathalyzer but admitted he was drunk, that Spencer was travelling more than 100 miles per hour, and that Spencer had three prior DUI convictions. Citing the nature and circumstances of the offense and the characteristics of the defendant, along with the need to promote respect for the rule of law and impose just punishment, the court settled on a sentence of seventy-two months on the manslaughter count and ninety-six months on the assault count, with the sentences to run concurrently. Spencer timely appealed.

## II

We first consider Spencer's contention that the government violated the plea agreement by filing a motion for an upward departure or variance, and by presenting evidence directly to the court. "Whether the government violated a plea agreement is . . . a question of law subject to de novo review. We review a sentencing court's factual determinations under a clearly erroneous standard." United States v. Johnson, 973 F.2d 857, 859 (10th Cir. 1992) (quotations and citations omitted).

"Where the Government obtains a guilty plea which is predicated in any significant degree on a promise or agreement with the U.S. Attorney, such promise or agreement must be fulfilled to maintain the integrity of the plea." United States v. Stemm, 847 F.2d 636, 637 (10th Cir. 1988). "This Circuit uses a two-step analysis to determine whether the United States violated a plea agreement: the sentencing court should 1) examine the nature of the promise; and 2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time of the guilty plea." United States v. Guzman, 318 F.3d 1191, 1195-96 (10th Cir. 2003). "General principles of contract law define the government's obligations under the agreement, looking to the express language and construing any ambiguities against the government as the drafter of the agreement." Id. at 1195. "We will not allow the government to resort to a rigidly literal construction of the language of the plea agreement to frustrate a defendant's reasonable expectations. However, the government's obligations to the defendant do not arise from mere silence." United States v. Rockwell Int'l Corp., 124 F.3d 1194, 1199

(10th Cir. 1997) (quotation omitted).

Spencer claims that two provisions of the plea agreement, paragraphs 7c and 9, demonstrate an implicit promise that the government would not present facts directly to the court. Paragraph 7c provides: "The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32(c)(2), Fed. R. Crim. P., any information that the United States believes may be helpful to the Court." Paragraph 9 states: "By signing this agreement . . . [t]he defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline level."

Spencer claims that he reasonably understood these provisions as requiring the government to present any and all evidence to the Probation Office rather than the court. He analogizes his case to United States v. Cachucha, 484 F.3d 1266 (10th Cir. 2007). In Cachucha, the government agreed to recommend a sentence within the advisory Guidelines range and stipulated to a specific offense level. Id. at 1270. Although the prosecutor technically recommended a within-Guidelines sentence, he preceded his official recommendation with complaints that the Guidelines range was "way too low" and "incredibly low," and stated that a within-Guidelines sentence did not "make any sense to [him] as a professional prosecutor." Id. We concluded that the prosecutor's statements constituted a breach of the government's promise to recommend a within-Guidelines sentence. Id.

Spencer also points to <u>United States v. Rewis</u>, 969 F.2d 985 (11th Cir. 1992), in which the parties entered into a plea agreement reserving the government's right to inform the court of "all relevant facts regarding the offenses," but explicitly noting that the defendant had no obligation to cooperate with the government. <u>Id.</u> at 987. The government further promised that it would not recommend a sentence. <u>Id.</u> Despite these promises, it submitted a sentencing memorandum in which it stressed the defendant's refusal to cooperate and suggested that a lengthy sentence was necessary to encourage cooperation from future defendants. <u>Id.</u> The Eleventh Circuit held that the government breached the plea agreement by "dwelling on Rewis' noncooperation" and by "suggest[ing] a harsh sentence." <u>Id.</u> at 988.

<u>Rewis</u> and <u>Cachucha</u> properly prohibited the government from breaching a specific term of a plea agreement despite technical compliance. In both instances, the government advocated for a stiff sentence contrary to explicit promises. In the case at bar, however, Spencer cannot point to a specific term of the agreement the government has breached: The government expressly refused to agree that any particular sentence would be appropriate for Spencer. Nor do the provisions cited by Spencer bar the government from submitting evidence to the court; they simply make clear that the government will submit evidence to the Probation Office for preparation of the PSR.

Spencer counters that such a reading would contravene the well-settled "presumption that every provision of a contract is placed there for a purpose" and therefore should be given effect. <u>Mountain West Mines, Inc. v. Cleveland-Cliffs Iron</u>

Co., 470 F.3d 947, 952 (10th Cir. 2006) (quotation omitted). Yet our interpretation does not render paragraphs 7c and 9 nugatory. It allows the government to provide relevant facts to the probation officer, the district court, or both, which is the general state of affairs in a sentencing proceeding. It also considers reality: The probation office "acts as an agent of the court for the purpose of gathering and classifying information and informing the court in the exercise of its sentencing responsibility." United States v. Rogers, 921 F.2d 975, 979 (10th Cir. 1990).

To the extent that Spencer believed the plea agreement prohibited the government from arguing or presenting evidence to the court, such a belief was unreasonable. Accordingly, we agree with the district court that the government did not breach the plea agreement.

### III

Spencer also argues that his sentence was substantively unreasonable. "Review for substantive reasonableness focuses on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted). We review a district court's sentencing determination for abuse of discretion regardless of whether the sentence is inside or outside the advisory Guidelines range. Gall v. United States, 552 U.S. 38, 51 (2007). However, when a district court selects a sentence outside the Guidelines range, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree

-7-

of the variance." Id. at 50. "[A] major departure should be supported by a more significant justification than a minor one." Id. "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Yanez-Rodriguez, 555 F.3d 931, 946 (10th Cir. 2009) (quotation omitted), abrogated on other grounds by Puckett v. United States, 129 S. Ct. 1423 (2009).

Spencer contends that the district court improperly relied on factors already considered in the Guidelines. But in this circuit, "[d]istrict courts have broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a), even when those facts are already accounted for in the advisory guidelines range." Yanez-Rodriguez, 555 F.3d at 946. Spencer also argues that his crime fell within the heartland of involuntary manslaughter and assault cases. See United States v. Montgomery, 550 F.3d 1229, 1233 (10th Cir. 2008). He claims that U.S.S.G. § 2A1.4 considers his reckless behavior and that his three prior DUI convictions were fully represented in setting his criminal history category. We disagree.

Application note 1 to U.S.S.G. § 2A1.4 defines "reckless" as the disregard of a risk that "constitute[s] a gross deviation from the standard of care that a reasonable person would exercise in such a situation." It further provides that driving "while under the influence of alcohol or drugs" that results in the death of another "ordinarily should be treated as reckless." Id. The district court correctly determined that Spencer's actions were exceptionally reckless even under this definition. Spencer chose to drive more than

-8-

100 miles per hour while he was intoxicated to such a degree that he crashed into the rear of a vehicle that was safely driving at or near the speed limit directly in front of him. Notwithstanding the faux physics advanced by the defense at oral argument—that this case involved a mere forty-mile-per-hour accident—the cumulative speed of the vehicle that was struck caused it to flip and crash, killing a mother and injuring a twelve-year old child. Such conduct is particularly egregious, even among DUIs leading to the death of another.

With respect to the criminal history category, a defendant could accumulate five criminal history points for any number of crimes. See U.S.S.G. § 4A1.1. But all three of the convictions relevant to Spencer's criminal history score were for DUIs. This fact plainly takes him outside the heartland of defendants in criminal history category III. Spencer was well aware of the risks of driving under the influence of alcohol, but opted to continue his unlawful behavior despite three prior convictions. The district court's conclusion that this pattern of behavior rendered Spencer more culpable than most defendants charged with involuntary manslaughter and assault was entirely permissible. Spencer's repeated decisions to drive while under the influence similarly support the court's determination that a variance was necessary to promote respect for the rule of law and to impose just punishment. Even assuming that this case involves a "major" variance, see Gall, 552 U.S. at 50, we do not discern a basis in the record to set aside the sentence imposed as an abuse of discretion.

**IV**

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge