[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10898
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00212-GAP-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ALLEN WOODBERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 19, 2013)

Before HULL, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

John Allen Woodberry appeals his 26-month sentence after pleading guilty to possession of ammunition affecting interstate commerce by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

## I. Plea Agreement

Woodberry argues the government breached the plea agreement at the sentencing hearing by failing to recommend a sentence at the low end of the advisory Sentencing Guidelines range.  Instead, the government incorrectly told the district court it had agreed to "not object" to a low-end sentence.  The government then advocated a Guidelines sentence, while presenting Woodberry's involvement in firearm sales and prior felony convictions as aggravating factors.  Although Woodberry was sentenced below the Guidelines range of 30 to 37 months, this breach nonetheless prejudiced him because it is reasonably probable the court varied downward from the middle or high end of the Guidelines range, rather than the low end.  Further, the government's breach of the plea agreement tainted the fairness, integrity, and public reputation of the proceedings.  Woodberry requests we vacate his guilty plea or his sentence and remand for further proceedings.

We generally review de novo whether the government has breached a plea agreement.  *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008).  Because Woodberry did not object to the alleged breach before the district court,

2

we conduct plain-error review. Plain error exists when (1) an error occurred, (2) that is plain, (3) which affected the defendant's substantial rights, and (4) seriously affected the "fairness, integrity, or public reputation of the judicial proceedings." *Id.* An error is plain if it is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429, 173 L. Ed. 2d 266 (2009). In the context of an alleged plea-agreement breach, the question of whether the defendant's substantial rights were affected is not whether the defendant would have entered into the plea, but whether his sentence was affected by the government's breach. *Id.* at 142 n.4, 129 S. Ct. at 1433 n.4. The party seeking to establish plain error has the burden of establishing prejudice. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). The defendant must show a reasonable probability of a different result. *Id.* at 1301. Where the effect of an error on the district court's sentence is uncertain or indeterminate, the defendant cannot show prejudice. *Id.*

The first step in determining whether the government breached a plea agreement is to "determine the scope of the government's promises." *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004). We apply an objective standard to determine "whether the government's actions [were] inconsistent with what the defendant reasonably understood" when he pled guilty. *Id.* (citation and internal quotation marks omitted). The government is bound by any material

3

promises it makes to a defendant as part of a plea agreement that induce him to plead guilty. *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996). For the government unequivocally to promise to make a particular sentencing recommendation and later advocate a position incompatible with that promise is a clear breach of a plea agreement. *Id.* at 370-71. A recommendation by the government that provides mere "lip service" to the plea agreement does not rectify the breach. *Id.* at 371.

The government did breach the plea agreement by failing to recommend that Woodberry receive a sentence at the low end of the Guidelines range. *See De La Garza*, 516 F.3d at 1269-70. But Woodberry has not shown how this breach of the plea agreement affected his 26-month sentence, which falls four months below the Guidelines range. *See Puckett*, 556 U.S. at 142 n.4, 129 S. Ct. at 1433 n.4; *Rodriguez*, 398 F.3d at 1299. First, the sentencing court acknowledged the low-end Guidelines recommendation of the plea agreement. Nothing in the record shows the court actually used the middle or high end of the Guidelines range as a starting point for its downward variance. Finally, it remains unclear how much weight the court gave the aggravating factors mentioned by the government. Because any effect of the government's breach remains uncertain, Woodberry cannot show prejudice and therefore cannot satisfy the plain-error standard. *Rodriguez*, 398 F.3d at 1301.

4

## II.  Sentence

Woodberry argues the district court erred in applying a Guidelines enhancement to his sentence after wrongly classifying his prior conviction for simple flight as a crime of violence.  As a preliminary matter, Woodberry contends he is not barred from challenging this Guidelines calculation, because his plea-agreement, sentence-appeal waiver was invalid.  During the plea colloquy, the court failed to discuss the waiver provisions or its exceptions, did not ask whether Woodberry fully understood the waiver, and did not inquire as to what his counsel had explained to him.

We review the validity of a sentence-appeal waiver de novo.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence-appeal waiver will be enforced if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993).  To establish the waiver was made knowingly and voluntarily, the government must show either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear the defendant otherwise understood the full significance of the waiver.  *Id.* at 1351.

We have enforced an appeal waiver where "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and

5

voluntarily." *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001). Rule 11 also contains a harmless-error provision; such errors may be harmless in circumstances, where "it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Bushert*, 997 F.2d at 1351; *see also* Fed. R. Crim. P. 11(h).

Invalidation of the sentence-appeal waiver is not among the remedies for plea-agreement breaches. *See United States v. Rewis*, 969 F.2d 985, 988-89 (11th Cir. 1992) ("There are two remedies available when a plea agreement is breached: (1) remand the case for resentencing according to the terms of the agreement before a different judge, or (2) permit withdrawal of the guilty plea."). Moreover, the Supreme Court has stated a plea-agreement breach "does not cause the guilty plea, when entered, to have been unknowing or involuntary." *Puckett*, 556 U.S. at 137, 129 S. Ct. at 1430. Plea bargains are "essentially contracts," and "[t]he party injured by the breach will generally be entitled to some remedy, . . . but that is not the same thing as saying the contract was never validly concluded." *Id.*

Woodberry's sentence-appeal waiver remains valid. The record is clear the district court specifically discussed the waiver with Woodberry during the plea colloquy, gave him an opportunity to consult with counsel, and asked whether counsel had explained to him how the waiver would limit his opportunities to appeal. *Bushert*, 997 F.2d at 1351. The court thereby confirmed Woodberry

6

understood the waiver's terms, and he had entered the plea agreement voluntarily. *Weaver*, 275 F.3d at 1333.  Moreover, although the court incorrectly stated the appeal waiver barred collateral attacks, this error was harmless because it was corrected immediately, and Woodberry gave no indication it altered his understanding of the agreement.  *Bushert*, 997 F.2d at 1351; *see also* Fed. R. Crim. P. 11(h).

Because the sentence-appeal waiver prohibits challenges to the Guidelines calculations, and none of the waiver exceptions apply, Woodberry is barred from challenging the sentencing court's classification of his prior conviction as a crime of violence.

**AFFIRMED.**