**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kathryn Cohen ALLEN, Defendant–Appellant.**

**No. 15–11117**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 14, 2016.

Germaine Seider, Arthur Lee Bentley, III, U.S. Attorney's Office, Tampa, FL, Malisa Chokshi, Jay Carl Taylor, U.S. Attorney's Office, Jacksonville, FL, for Plaintiff–Appellee.

Noel Gifford Lawrence, Law Office of Noel G. Lawrence, Jacksonville, FL, for Defendant–Appellant.

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Kathryn Allen appeals her 18–month total sentence imposed after she plead guilty, pursuant to a plea agreement, to two counts of sending threatening letters containing a threat of possession and transfer of a biological agent or toxin for use as a weapon in violation of 18 U.S.C. § 1038(a)(1). Allen's plea agreement included an appeal waiver. On appeal, Allen argues that: (1) she should be resentenced because the government breached the plea agreement by arguing that her sentence should include a term of imprisonment since it "implicitly agreed" to recommend a non-prison sentence, and was obligated to recommend a departure pursuant to U.S.S.G. § 5K1.1; and (2) despite the plea agreement's appeal waiver, her 18–month total sentence was both procedurally and substantively unreasonable. After careful review, we affirm in part and dismiss the appeal in part.

We generally review *de novo* the question of whether the government breached a plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir.2004). However, where a defendant fails to object

to an alleged breach before the district court, we will review only for plain error. *United States v. Romano*, 314 F.3d 1279, 1281 (11th Cir.2002). To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir.2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* The party seeking to establish plain error has the burden of establishing prejudice. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir.2005). We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir.2008).

First, we are unpersuaded by Allen's claim that the government breached the plea agreement. A defendant may appeal her sentence based on an alleged plea agreement breach even if the plea agreement contains a sentence appeal waiver. *See Copeland*, 381 F.3d at 1105. The first step in determining whether the government breached a plea agreement is to "determine the scope of the government's promises." *Id.* A material promise by the government, which induces the defendant to plead guilty, binds the government to that promise. *Santobello v. New York*, 404 U.S. 257, 261–62, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). For the government to "unequivocally promise[ ]" that it would make a particular sentencing recommendation, and then advocate a position incompatible with the fulfillment of that promise is a clear breach of a plea agreement. *United States v. Taylor*, 77 F.3d 368, 370–71 (11th Cir.1996).

"Whether the government violated the agreement is judged according to the defendant's reasonable understanding [of the agreement] at the time [s]he entered the plea." *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir.1992). If it has been established that the government breached an agreement, the Court may either order specific performance of the agreement, by means of resentencing before a different judge, or allow withdrawal of the plea. *Santobello*, 404 U.S. at 262–63, 92 S.Ct. 495.

Here, Allen did not raise the issue of breach in front of the district court, and thus we review whether there was a breach of the plea agreement for plain error. However, Allen has not demonstrated that the government plainly breached the plea agreement. Allen has not presented any evidence that the plea agreement's scope went beyond what was included in the written agreement, and thus, the written agreement establishes the scope of the government's promises. *Copeland*, 381 F.3d at 1105. Nowhere in the agreement did the government agree to recommend a probationary-only sentence, and Allen's argument that the government implicitly agreed to recommend a probationary-only sentence lacks merit. Further, the plea agreement did not require that the government file a motion seeking a downward departure unless Allen cooperated by providing substantial assistance, as determined by the U.S. Attorney. Because the government did not determine that Allen substantially assisted, it had no obligation to recommend a downward departure. Accordingly, the government did not breach the plea agreement, and we affirm in this respect.

As for Allen's challenge to the reasonableness of the sentence, we dismiss this portion of the appeal because it is barred by the appeal waiver in her plea agreement. An appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir.1993). To establish that the waiver was made knowingly and

voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* We have consistently applied *Bushert* to uphold knowing and voluntary appeal waivers. *See, e.g., Johnson,* 541 F.3d at 1068.

The record before us reveals that Allen knowingly and voluntarily waived her right to appeal. During the plea colloquy, the district court specifically discussed the appeal waiver provision. The court explained that Allen normally would have the right to appeal her sentence, but by signing the plea agreement, she would not be allowed to do so. Allen indicated that she understood what right she was giving up, and that she was agreeing to the waiver knowingly and voluntarily.

The appeal waiver provided that Allen agreed to waive her right to appeal her total sentence on any ground, unless: (1) the total sentence exceeded her applicable guidelines range as determined by the court; (2) the total sentence exceeded the statutory maximum penalty; or (3) the total sentence violated the Eighth Amendment. None of the three exceptions to Allen's appeal waiver apply to her arguments raised on appeal. Accordingly, we dismiss this portion of her appeal.[1]

**AFFIRMED IN PART, AND DISMISSED IN PART.**

---

1. While neither party has raised the issue on appeal, the restitution amount the district court orally announced at the second sentencing hearing ($8,946.51) conflicts with the restitution amounts listed in: (i) the PSI and Clerk's Minutes ($8,825.57); and (ii) the final judgment ($8,825.60). Thus, although Allen's judgment and commitment order may not accurately reflect the amount of restitution orally ordered by the district court, we conclude that a remand is not appropriate as Allen's appeal is dismissed with respect to all sentencing issues.