[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14479
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cr-80075-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM AELLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 15, 2019)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

William Aellis appeals his 97-month sentence for one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1). Aellis contends the Government breached its obligation in his plea agreement to recommend a five-year sentence by offering evidence at the sentencing hearing which it reasonably knew would cause the sentencing court to impose a longer sentence. After review,[1] we affirm the district court.

There is no limitation placed upon the information that a district court may receive for sentencing purposes concerning the background, character, and conduct of a person convicted of a federal offense. 18 U.S.C. § 3661. The Supreme Court has noted that, at sentencing, a district court has broad discretion to consider the fullest information possible concerning the defendant's life and characteristics. *Pepper v. United States*, 562 U.S. 476, 480 (2011).

The Government did not breach Aellis's plea agreement. Contrary to Aellis's assertion, the Government did not agree to "advocate" for a five-year sentence on Aellis's behalf—instead, it agreed to "recommend" a five-year sentence to the court. *See United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004) (stating to determine whether the government breached a plea

---

[1] Whether the government has breached a plea agreement is reviewed *de novo*. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008). The district court's factual findings on the scope of the agreement will be set aside only if they are clearly erroneous. *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004).

agreement, the court must determine the scope of the government's promises). The Government met this promise by explicitly recommending a five-year sentence at sentencing. Moreover, in the plea agreement, the Government expressly reserved the right to inform the court of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Aellis and his background. The plea agreement also alerted Aellis the district court would be required to calculate and consider his Guidelines range and could impose a sentence of up to 20 years' imprisonment. Aellis testified at his plea colloquy that he understood the plea agreement was not binding on the district court and that it could impose a higher sentence. Based on the foregoing, Aellis could not have reasonably believed the Government breached its obligation to "recommend" a five-year sentence by offering testimony about Aellis's background and then unambiguously recommending a five-year sentence. *See United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992) (stating a plea agreement is analyzed according to the defendant's reasonable understanding in entering into the plea agreement).

**AFFIRMED.**