[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12955

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CESAR ALFREDO ARCINIEGAS SANCHEZ,
a.k.a. Mono,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20444-JB-4

_____

2                    Opinion of the Court                    24-12955

Before JORDAN, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Cesar Alfredo Arciniegas Sanchez appeals his sentence for conspiracy to distribute five kilograms or more of cocaine knowing that it would be imported into the United States. The government filed a joint motion with Arciniegas Sanchez for summary reversal.

The parties entered a plea agreement, in which the government agreed to recommend a 70-month sentence at the low-end of the guidelines range. The parties contend that the government breached the plea agreement by arguing that a sentence of 80 months' imprisonment would be appropriate to avoid a sentencing disparity with a co-defendant before acknowledging that it was bound by the plea agreement to recommend a 70-month sentence. Specifically, the government made the following argument at sentencing:

> I was looking at the drug amounts that this defendant is being held accountable for, and to be completely candid with the Court, I was walking into court, when I looked at [a co-defendant's] sentence of 110— excuse me, of 75 months for 70 kilograms of cocaine and her guideline range and then I compared it to this defendant, I was of the mindset that this defendant's sentence should be at least higher than the 75 months to avoid any sort of unwarranted sentencing disparity.

> My concern and I have pause because, Your Honor, I'm not the prosecutor who negotiated the pleas or

anything on this case, but I look at this plea agreement and the plea agreement calls for a low end of the guideline sentence that my office agreed to. I understand that's what my office agreed to.

. . . .

I just want Your Honor to know my thinking with respect to my argument. Had I not been bound by this plea agreement of low end of the guidelines, I would be asking for, you know, probably an 80-month sentence or somewhere around that range to take into consideration the difference, the 40-kilogram difference that this defendant should be held responsible for versus [the co-defendant].

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review *de novo* whether the government has breached a plea agreement. *United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008).

Plea bargains are generally interpreted like contracts. *United States v. Jefferies*, 908 F.2d 1520, 1523 (11th Cir. 1990). "The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996). We analyze claims of a breach of the plea agreement according to the defendant's reasonable understanding at the time of entering the plea. *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992). We

apply an objective standard to "decide whether the government's actions are inconsistent" with what the defendant could have reasonably understood from the plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004) (quotation marks omitted).

We have explained that faithful compliance with a plea agreement requires more than a "begrudging recommendation" such that the government breaches a plea agreement if, in effect, it argues against the agreement. *Taylor*, 77 F.3d at 371. In *United States v. Malone*, 51 F.4th 1311 (11th Cir. 2022), for example, we concluded that the government breached its promise in the plea agreement to recommend a sentence within the guideline range when the government formally recommended a guidelines sentence as required by the plea agreement, but also said that the defendant deserved a much higher sentence because he was sure to reoffend. *Id.* at 1318, 1322.

We agree with the parties that the government breached its agreement in this case and that summary reversal is appropriate. As in *Malone*, the government agreed to recommend a particular sentence but, at sentencing, suggested that the agreed-to sentence was too low and that another sentence was more appropriate. *See Malone*, 51 F.4th at 1318, 1322. The government justified the higher sentence by reference to the need to reduce disparities with a co-defendant and the amount of cocaine attributed to the defendant, but the government did not attempt to justify the agreed-to sentence at all. The government's recommendation of the agreed-to

sentence was, at most, begrudging "lip service" to its obligations in the plea agreement after its considered suggestion of a longer sentence. *See Taylor*, 77 F.3d at 371.

There are two remedies available when a plea agreement is breached. We can either "(1) remand the case for resentencing according to the terms of the agreement before a different judge, or (2) permit the withdrawal of the guilty plea." *Rewis*, 969 F.2d at 988–89. The withdrawal of the plea is less favored in this circuit, *See United States v. Jefferies*, 908 F.2d 1520, 1527 (11th Cir. 1990), and both parties agree that the appropriate remedy under these circumstances is a remand for resentencing before a different judge.

Accordingly, we GRANT the joint motion for summary reversal and REMAND for resentencing according to the terms of the plea agreement before a different judge. *See Hunter*, 835 F.3d at 1329.

**REVERSED AND REMANDED.**