[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15135
Non-Argument Calendar

_____

D. C. Docket No. 04-00179-CR-ORL-19-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER WORDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 30, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Christopher Worden pled guilty to wire fraud,

in violation of 18 U.S.C. § 1343. The district court sentenced him to a prison term of six months. He now appeals his sentence.

Worden contends that the Government breached its obligation under the plea agreement not to contest his request for a sentence at the low end of the Guidelines sentence range by challenging his request for probation and asserting that he should instead receive the low-end sentence of six months of imprisonment.

Whether the Government breached a plea agreement is a question of law which we review de novo. United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998). A material promise by the government, which induces the defendant to plead guilty, binds the government to that promise. Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 496, 499, 30 L.Ed.2d 427 (1971). When a plea rests in any significant portion on the government's promise, so that it becomes part of the inducement for the guilty plea, such promise must be fulfilled. Id. If a breach has been established, we may either order specific performance of the government's promise – by ordering a resentencing before a different judge – or allow the defendant to withdraw his guilty plea. Id. at 262-63, 92 S.Ct. at 499. Although the chosen remedy for the government's breach of a plea agreement is within our discretion, we have not favored withdrawal of the guilty plea, especially where there is no doubt that the plea was made knowing and voluntarily. United States v.

2

Johnson, 132 F.3d 628, 631 (11th Cir. 1998).

Whether the government violated a plea agreement is judged according to the defendant's reasonable understanding of the agreement at the time he entered the plea. United States v. Rewis, 969 F.2d 985, 988 (11th Cir. 1992). If the government disputes the defendant's understanding of the agreement, however, we ascertain its terms using objective standards. Id. The standards applied to the interpretation of a plea agreement are as follows: (1) hyper-technical and rigid construction of the language in a plea agreement is unacceptable; (2) the written agreement should be viewed against the background of the negotiations and should not be interpreted to contradict directly an oral understanding; and (3) an ambiguous plea agreement must be interpreted against the government. United States v. Jeffries, 908 F.2d 1520, 1523 (11th Cir. 1990).

The commentary to Chapter 5, Part A, of the Sentencing Guidelines Manual states that, when looking at the sentencing table, "[t]he intersection of the Offense Level and Criminal History Category displays the Guideline Range in months of imprisonment." Section 5B1.1(a)(2) authorizes probation if "the applicable guideline range is in Zone B of the Sentencing Table."

With the foregoing principles in mind, we turn to the merits of this appeal. Because the parties differ as to the meaning of the Government's promise

(regarding sentence recommendation), we interpret the agreement using objective standards. Rewis, 969 F.2d at 988. The provision of the agreement at issue here – that the Government would "not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range calculated by the Court" – is not ambiguous. The term "guideline range" is consistently used throughout the Sentencing Guidelines to refer to the numbered range of months of imprisonment that is calculated by reference to the sentencing table. U.S.S.G. Ch. 5 Pt. A, U.S.S.G. § 5B1.1(a)(2). Objectively, then, the unambiguous meaning of a "sentence at the low end of the applicable guideline range" would be the lowest number of months of imprisonment designated in the sentencing table, not "the least restrictive means of confinement," as Worden contends. U.S.S.G. Ch. 5 Pt. A, U.S.S.G. § 5B1.1(a)(2). Because the Government recommended a prison term of six months, the lowest number of months specified by the sentence range, 6-12 months, it carried out the promise it made in the plea agreement.

**AFFIRMED.**