[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13135
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:99-cr-00433-PAS-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR VALLEJO,
a.k.a. Beto,
a.k.a. Gitano,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 26, 2012)

Before TJOFLAT, EDMONDSON, and FAY, Circuit Judges.

PER CURIAM:

Edgar Vallejo appeals his sentence imposed after he pleaded guilty to

engaging in a continuing criminal enterprise by violating federal narcotics laws, 21 U.S.C. § 848. On appeal, he argues that the district court breached the binding plea agreement by imposing a term of supervised release. For the reasons set forth below, we vacate and remand for resentencing without supervised release.

I.

In a superseding indictment, Vallejo was charged with conspiring to possess with intent to distribute more than five kilograms of a mixture and substance containing cocaine, in violation of 46 U.S.C. app. § 1903(a), (h), (j) (recodified in 2006 at 46 U.S.C. § 70503, 70506) (Count 1); possessing with intent to distribute more than five kilograms of a mixture and substance containing cocaine, in violation of 46 U.S.C. app. § 1903(a) (recodified in 2006 at 46 U.S.C. § 70503) (Count 2); and engaging in a continuing criminal enterprise by violating federal narcotics laws, in violation of 21 U.S.C. § 848 (Count 3).

Pursuant to a written plea agreement under Fed.R.Crim.P. 11(c)(1)(C), Vallejo agreed to plead guilty to Count 3, and the government agreed to dismiss Counts 1 and 2. Vallejo and the government agreed "that the appropriate disposition" was a sentence consisting of 22 years' imprisonment and a $1 million fine and that Vallejo should get credit for time served since his 2008 arrest. The plea agreement also contained a forfeiture provision.

2

At the change of plea hearing, the district court reviewed the Rule 11(c)(1)(C) plea agreement and ultimately accepted it. The government and Vallejo's attorney agreed that the court was bound by the entire plea agreement. Vallejo testified that he understood that he would not receive a trial and would simply be sentenced to 22 years' imprisonment. The court then further reviewed possible sentencing ranges, explaining that, "under the law," it had the power to sentence Vallejo to a term of imprisonment of 20 years to life. Vallejo testified that he understood that sentencing range. The court then explained that a term of imprisonment would be followed by a term of supervised release, which the government stated was five years to life. Vallejo testified that he understood that he could be imprisoned for violating the terms of supervised release. The court noted that Vallejo had agreed to a $1 million fine, but also noted that the statutory maximum fine was $2 million. Finally, the court reviewed the forfeiture provision in the plea agreement and explained that Vallejo had to pay a $100 special assessment when he was sentenced. Vallejo testified that he understood the forfeiture provision and that he was required to pay the special assessment. The court then stated that it would be imposing a 22-year term of imprisonment and accepted Vallejo's guilty plea.

At sentencing, the court sentenced Vallejo to 264 months' imprisonment, a

$1 million fine, and 5 years' supervised release. Vallejo, through counsel, objected to the term of supervised release because supervised release was not mandatory, nor was it included in the plea agreement. The court responded that the plea agreement, which did not discuss supervised release, did not prevent the court from imposing a term of supervised release. The probation officer noted that there was no minimum required term of supervised release. Vallejo argued that the parties had not included a term of supervised release in the recommended sentence. Vallejo disagreed with the court's interpretation of the plea agreement, arguing that the court was bound to accept the recommended sentence of 22 years' imprisonment and a $1 million fine as the entire sentence. The court overruled Vallejo's objection.

## II.

We review *de novo* the construction of plea agreements. *United States v. Young*, 131 F.3d 1437, 1438 (11th Cir. 1997). We review "the district court's factual findings regarding the scope of the agreement" for clear error. *United States v. Al-Arian*, 514 F.3d 1184, 1191 (11th Cir. 2008).

The government and a defendant can "agree that a specific sentence or sentencing range is the appropriate disposition of the case." Fed.R.Crim.P. 11(c)(1)(C). If the court accepts a Rule 11(c)(1)(C) plea agreement, the court is

bound by the recommendation. *Id.* The acceptance of a Rule 11(c)(1)(C) plea "agreement is identical to imposition of punishment; if the court does not consider the agreement fair, it simply rejects the entire plea agreement." *United States v. Dean*, 80 F.3d 1535, 1541 (11th Cir.) (addressing Rule 11(c)(1)(C)'s precursor), *modified*, 87 F.3d 1212 (1996). Like the government and defendant, the court is bound by a plea agreement that it accepts. *United States v. Yesil*, 991 F.2d 1527, 1532 (11th Cir. 1992). A district court has no power to modify a plea agreement that it has approved. *Dean*, 80 F.3d at 1541. If the court rejects a Rule 11(c)(1)(C) plea agreement, it must "give the defendant an opportunity to withdraw the plea." Fed.R.Crim.P. 11(c)(5)(B).

The first step in construing a plea agreement is to determine the scope of the agreement. *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004) (reviewing appellant's argument that the government breached the plea agreement). In so doing, we apply an objective standard to determine "whether the [court's] actions [were] inconsistent with what the defendant reasonably understood when he entered his guilty plea." *Al-Arian*, 514 F.3d at 1191 (quotation omitted) (reviewing appellant's argument that the government breached the plea agreement). Where a plea agreement is unambiguous, we will not consider extrinsic evidence of the agreement's meaning. *Copeland*, 381 F.3d at

1105-06. If an agreement is ambiguous, however, "we will consider extrinsic evidence of the parties' intent." *Id.* at 1106. An ambiguous agreement "must be read against the government." *Id.* at 1105-06 (quotation omitted). When a court accepts a plea agreement, but then denies the defendant the benefit of that agreement, the defendant is entitled to "specific performance of the plea agreement or . . . the opportunity to withdraw the guilty plea." *Yesil*, 991 F.2d at 1532-33.

Here, the plea agreement was unambiguous. Vallejo and the government explicitly agreed that, under Rule 11(c)(1)(C), "the appropriate disposition" was a sentence consisting of a 22-year term of imprisonment and a $1 million fine. The plea agreement does not include a term of supervised release in its disposition, nor does it indicate that the court retains the power to impose a term of supervised release that the court deems appropriate. The court was not allowed to modify the plea agreement by adding a term of supervised release to the agreed-upon disposition. *See* Fed.R.Crim.P. 11(c)(1)(C); *Dean*, 80 F.3d at 1541. Accordingly, the district court clearly erred in determining that, under the plea agreement, it could impose a term of supervised release. *See Al-Arian*, 514 F.3d at 1191.

Moreover, even if the plea agreement was ambiguous, the court's imposition of supervised release would be erroneous. When the court discussed the sentencing procedures ordinarily used in criminal cases, it had already

6

accepted Vallejo's plea agreement and explained to Vallejo that he would not receive a trial and would instead simply be sentenced to 22 years' imprisonment. Vallejo would not have reasonably understood the court's subsequent discussion of the statutory sentencing ranges to mean that the Court was going to override the terms of the plea agreement it had already accepted and impose a term of supervised release. *See Al-Arian*, 514 F.3d at 1191. Finally, if the plea agreement was ambiguous, it would be read against the government. *See Copeland*, 381 F.3d at 1105-06. Reading the agreement against the government, Vallejo and the government agreed to a sentence of 22 years' imprisonment and a $1 million fine, nothing else.

Based on the above, the district court breached the plea agreement, and we vacate and remand. Vallejo seeks specific performance of the plea agreement, and we, therefore, order the district court to resentence him in compliance with the plea agreement—that is, without a term of supervised release. *See Yesil*, 991 F.2d at 1532-33.

For the foregoing reasons, we vacate and remand for resentencing without supervised release.

**VACATED AND REMANDED.**