[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16570
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00030-MEF-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY TYRONE JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(November 15, 2013)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Anthony Tyrone Jones appeals the 96-month sentence imposed by the district court upon his plea of guilty.  Jones argues, and the government agrees, that the court erred when it refused to sentence Jones to 92 months, as both parties had intended under the plea agreement.  We agree that the district court clearly erred in its interpretation of the agreement, and grant Jones the relief he seeks: specific performance.

I.

In February 2012, a federal grand jury returned an indictment charging Jones with three drug felonies.  After initially pleading not guilty, Jones and the government negotiated a plea agreement.  As part of the plea agreement, the government and Jones agreed that "the appropriate sentence for the offense to which [Jones] is pleading guilty is the bottom end of the applicable Guideline range."  Pursuant to this agreement, Jones pleaded guilty.

The district court accepted the plea agreement and noted that it intended to follow its terms.  Jones was determined to have a Guidelines range of 92–115 months.  Rather than sentencing Jones to the lowest sentence under the Guidelines, however, the district court imposed a sentence of 96 months.  Jones objected to the imposition of a sentence higher than 92 months because it was inconsistent with his understanding of the plea agreement.  The district court recognized on the record that the imposed sentence "may have deviated from a binding plea

2

agreement," but nevertheless declined to modify the sentence.  The district court insisted that the terms of the agreement allowed for a sentence higher than 92 months because the agreement said "the bottom end of the guideline range" rather than "the bottom of the guideline range."

## II.

A plea agreement "is, in essence, a contract between the Government and a criminal defendant."  United States v. Howle, 166 F.3d 1166, 1168 (11th Cir. 1999).  Whether a binding plea agreement has been breached is a question of law that we review de novo.  United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir. 2008).  "However, the district court's factual findings regarding the scope of the agreement will be set aside only if they are clearly erroneous."  Id.

In resolving a dispute over the meaning of terms in a plea agreement, we apply an objective standard to determine whether the alleged violation of the agreement is inconsistent with what the defendant reasonably understood when he entered his plea.  United States v. Copeland, 381 F.3d 1101, 1105 (11th Cir. 2004).  We do not accept a "hyper-technical reading" or a "rigidly literal approach in the construction of the language."  United States v. Jeffries, 908 F.2d 1520, 1523 (11th Cir. 1990) (quotation marks omitted).  We also view the agreement against the background of the negotiations, and do not interpret it in a way that directly contradicts any oral understandings.  Id.  Finally, to the extent there are any

3

ambiguities in the agreement, we consider extrinsic evidence of the parties' intent and, if necessary, construe the ambiguity against the government.  Id.; see also Copeland, 381 F.3d at 1105–06.

## III.

We must first decide whether "the bottom end of the guideline range" is ambiguous.  See Copeland, 381 F.3d at 1106.  We conclude that it is not, and that it was clear error for the district court to sentence Jones inconsistent with the unambiguous meaning of the accepted plea agreement's sentencing provision.

While we have not addressed this precise question in a published opinion, this Court has previously interpreted the phrase "sentence at the low end of the applicable guideline range"—a phrase similar to that used in Jones's agreement— to unambiguously mean "the lowest number of months of imprisonment designated in the sentencing table."  United States v. Worden, 172 F. App'x 981, 983 (11th Cir. 2006); see also United States v. Parker, 280 F. App'x 899, 901 (11th Cir. 2008) ("[T]he 'low end' of the Guidelines sentence range is simply the lowest possible sentence within that range.").[1]  The plain meaning of the terms supports this interpretation.  As is relevant, "bottom" means "the lowest part or place." Merriam Webster's Collegiate Dictionary 134 (10th ed. 2000).  We agree with the

---

[1] This interpretation is also consistent with the way in which this Court uses the phrase, albeit in cases that do not squarely address the interpretation of a plea agreement's terms.  See, e.g., United States v. Shelton, 400 F.3d 1325, 1328 (11th Cir. 2005) (characterizing "the most lenient sentence" in the applicable range as "a sentence at the low end of the Guidelines range").

4

Worden panel that the objective meaning of "end" as modified by a term such as "bottom" is clear: the bottom point of the applicable advisory Guideline range.

Even if the phrase were ambiguous, both Jones and the government agree that they intended Jones to be sentenced to the lowest number in the applicable Guideline range.  In light of the evidence of the parties' intent before the district court at the sentence hearing, the court clearly erred when it imposed a sentence contrary to that unified intent.  See Copeland, 381 F.3d at 1105–06 (noting that we look to the parties' intent in construing an ambiguous plea agreement); United States v. Yesil, 991 F.2d 1527, 1532–33 (11th Cir. 1992) (reversing where the district court failed to follow the terms of the plea agreement); see also United States v. Vallejo, 463 F. App'x 849, 852 (11th Cir. 2012) (noting that, if a plea agreement was ambiguous, it would be error for a court to impose a sentence contrary to the intent of the parties to the agreement because the defendant "would not have reasonably understood . . . that the Court was going to override the terms of the plea agreement it had already accepted").

When a court accepts a plea agreement, but then denies the defendant the benefit of that agreement, the defendant is entitled to specific performance or the opportunity to withdraw his guilty plea.  Yesil, 991 F.2d at 1532–33 (defining the appropriate remedies when a court violates the terms of a plea agreement it has already accepted).  Here, the government urges us to remand so that Jones may

5

withdraw his plea if he so chooses.  Jones, on the other hand, asks for specific performance of the benefit for which he bargained—a sentence of 92 months.

We agree that specific performance is appropriate here.  This Court generally enforces the specific terms of a plea agreement in the face of a violation so long as the defendant "entered into his plea agreement freely and intelligently, and adhered to his part of the bargain."  United States v. Boatner, 966 F.2d 1575, 1580 (11th Cir. 1992).  Jones entered his plea voluntarily and intelligently, and he has already performed his obligations under the plea agreement.

For these reasons, we **VACATE** and **REMAND** with instructions that Jones be resentenced to 92 months in keeping with the terms of the agreement he and the government negotiated.