[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11535
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00327-LSC-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRIONA DONTA HEATH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 22, 2019)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Terriona Donta Heath appeals his sentence after being convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Heath argues that the district court erred when it considered a police report underlying his prior child abuse conviction.  He argues that the district court procedurally erred by relying on the facts underlying his prior child abuse conviction and predetermining his sentence before it calculated his guidelines range.  He argues that the district court substantively erred by giving significant weight to the facts underlying his child abuse conviction, which he alleges is an improper or irrelevant factor.  Finally, he argues that the government breached its obligations under his plea agreement when it argued that the district court should sentence him at the high-end of the guidelines range.

We will address each of these points in turn.

## I.

We ordinarily review the imposition of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In reviewing for a district court's abuse of discretion, we look to both the procedural and substantive reasonableness of the sentence imposed.  *Id.*  The burden is on the party challenging the sentence to show that the sentence was unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

2

Where, as here, a defendant fails to make an objection to procedural reasonableness in the district court, we will review that claim for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). To show plain error, a defendant must demonstrate that: (1) the district court erred; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). For an error to be plain, it must be clear or obvious, rather than subject to reasonable dispute. *United States v. Sosa*, 782 F.3d 630, 637 (11th Cir. 2015). An error is not plain unless the explicit language of a statute or rule specifically resolves the issue, or there is precedent from the Supreme Court or this circuit directly resolving it. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

A procedurally reasonable sentence is free from significant procedural errors, such as failing to consider the § 3553(a) factors or failing to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51. Although explanation of the sentence is required, the sentencing judge is under no duty to "articulate his findings and reasoning with great detail." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*). Instead, the district court in sentencing "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). A sentence is not

3

procedurally reasonable if a district court imposes a sentence based upon clearly erroneous facts.  *United States v. Barner*, 572 F.3d 1239, 1251 (11th Cir. 2009).

In reviewing substantive reasonableness, we consider the totality of the circumstances and whether the statutory factors in § 3553(a) support the sentence in question.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  Notably, the fact that a sentence is below the statutory maximum penalty can be an indicator of reasonableness.  *See Gonzalez*, 550 F.3d at 1324 (finding a sentence reasonable in part because it was well below the statutory maximum).

A district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from future crimes of the defendant.  *See* 18 U.S.C. § 3553(a)(2).  In imposing its sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and

the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7). The district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss them all individually, so long as it expressly acknowledges that it considered the party's arguments and the sentencing factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

The weight accorded to any one § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The court is also free to attach great weight to one factor over the others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1255 (11th Cir. 2015). We will overturn a sentence, however, if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

As to the information presented at sentencing, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States *may receive* and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661 (emphasis added). We have indicated that after *United States v. Booker*, 543 U.S. 220 (2005), courts may still consider relevant facts concerning a defendant's

background, character, and conduct when imposing a reasonable sentence.  *United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006).

Here, the district court did not err by considering the police report from Heath's prior child abuse conviction because § 3553(a)(1) compels courts to consider the "the history and characteristics of the defendant."  *See* 18 U.S.C. § 3553(a)(1); *see also Faust*, 456 F.3d at 1348. The district court did not consider the police report in determining whether Heath's prior child abuse conviction was a crime of violence.  Rather, the district court sustained Heath's objection in that regard and held that the prior child abuse conviction was not a crime of violence. The district court considered the police report only in determining where within the Guidelines to sentence Heath and whether to vary upward from the Guideline range.  *See United States v. Overstreet*, 713 F.3d 627, 638 n.14 ("[E]ven if Overstreet's murder of Taffy was completely unrelated to his offense of conviction, this conduct may be considered as part of the defendant's 'history and characteristics' and other § 3553(a) factors and, thus, may be considered in imposing a variance.").  Moreover, the district court considered this evidence at Heath's suggestion in an effort to verify Heath's representation that his prior child abuse conviction was actually more in the nature of a disciplining a child type crime.  Heath made no objection to the district court's consideration of the police report.

We conclude that the district court did not commit plain error in considering the police report.  We also conclude that the record shows that the facts the district court relied upon were not clearly erroneous, *see Barner*, 572 F.3d at 1251, and the court repeatedly emphasized its goal of being fair to him.  Thus, we reject Heath's argument on appeal challenging his sentence as procedurally unreasonable.

Similarly, his sentence was substantively reasonable because the court sentenced him to 75 months' imprisonment, below the 120-month statutory maximum, and placed heavy emphasis on the seriousness of the offense, deterrence, and protecting the public to support the upward variance.  *See* 18 U.S.C. § 3353(a)(2).  The court was free to place a heavy emphasis on these factors, and nothing in the record suggests that it "committed a clear error of judgment in doing so."  *See Clay*, 483 F.3d at 743; *Rosales-Bruno*, 789 F.3d at 1255; *Irey*, 612 F.3d at 1190.

## II.

We normally review *de novo* whether the government has breached a plea agreement.  *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004).  However, where, as here, a defendant failed to raise this issue before the district court, we review for plain error.  *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008).  In the context of an alleged breach of the plea agreement, the question of whether the defendant's substantial rights were affected is not

whether the defendant would have entered into the plea, but rather whether his sentence was affected by the government's breach.  *Puckett v. United States*, 556 U.S. 129, 142 n.4 (2009).  This requires the defendant to show that there is a "reasonable probability" that his sentence would be different.  *See Rodriguez*, 398 F.3d at 1299.

A material promise by the government, which induces the defendant to plead guilty, binds the government to that promise.  *Santobello v. New York*, 404 U.S. 257, 262 (1971).  In determining whether the government breached the plea agreement, we must "determine the scope of the government's promises." *Copeland*, 381 F.3d at 1105.  We analyze the plea agreement according to the defendant's reasonable understanding on entering the plea.  *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992).  If the government disputes the defendant's understanding, we use an objective standard to determine the terms of the plea agreement.  *Id.*  We will not use a hyper-technical or rigidly literal approach to interpret the agreement.  *Copeland*, 381 F.3d at 1105.  The validity of a bargained-for guilty plea depends on the voluntariness and intelligence with which the defendant – and not his counsel – enters the bargained plea.  *Id.* at 1106.

Here, the government did not breach the plea agreement, and Heath's interpretation of the agreement on appeal is both rigidly literal and objectively unreasonable, because a recommendation for a sentence at the high end of the

8

guidelines range is clearly still within the guidelines. *See Copeland*, 381 F.3d at 1105; *Rewis*, 969 F.2d at 988. Moreover, Heath has failed to demonstrate a reasonable probability that his sentence would have been different without the government's recommendation, and has thus failed to show plain error. *See Rodriguez*, 398 F.3d at 1299.

Accordingly, we affirm.

**AFFIRMED.**