[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10426
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00111-KD-MU-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WINFRED DAVEZ ODOM,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 30, 2020)

Before LAGOA, BRASHER and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Winfred Odom, appeals the district court's imposition of a 120-month total sentence following his conviction for conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846.  On appeal, Odom contends that the government breached its plea agreement by failing to file a substantial assistance motion due to Odom's alleged violation of the plea agreement and that the district court erred by not requiring the government to present evidence to support the allegation that Odom violated the plea agreement.  Based on our review of the record, we conclude that the government did not breach the plea agreement, and the district court did not commit any error as asserted by Odom.  Accordingly, we affirm the district court's imposition of Odom's 120-month sentence and dismiss in part to the extent that Odom directly challenges the government's failure to file a substantial assistance motion or otherwise challenges the sentencing proceedings.

## I.

In May 2017, a grand jury indicted Odom with conspiracy to distribute and possess with intent to distribute methamphetamine (Count 1) and possession with intent to distribute methamphetamine (Count 2).  Odom pleaded guilty to Count 1 pursuant to a written plea agreement.  The agreement gave the government the sole discretion to determine whether it wanted Odom to cooperate and whether it would file a substantial assistance motion.  (R. Doc. 64.)  The agreement also provided, in

2

part that Odom had to provide "full, complete, truthful and substantial cooperation" to the government that resulted in "substantial assistance to the [government] in the investigation or prosecution of another criminal offense, a decision specifically reserved by the [government] in the exercise of its sole discretion," in order for the government to move for a downward departure based on substantial assistance. (*Id.* at 9.)  The agreement further stated that Odom understood that if he provided untruthful information to the government at any time, failed to disclose material facts to the government, or committed a new criminal offense, the government would not make a motion for downward departure.  (*Id.*)

In the agreement, Odom agreed to waive his right to directly appeal or collaterally attack his guilty plea, conviction, or sentence unless his sentence exceeded the statutory maximum or constituted an upward departure or variance from the advisory guideline range.  Odom reserved the right to raise a claim of ineffective assistance of counsel in a direct appeal or a 28 U.S.C. § 2255 motion. Additionally, if the government filed an authorized appeal, Odom would be released from the appeal waiver.  Moreover, Odom agreed that if he breached the agreement, all provisions would remain enforceable against him, but the government would be free from its obligations.  (*Id.* at 12–13.)

During the plea colloquy, Odom stated that he could read and understand English, had graduated high school, had never been treated for mental illness or drug

addiction, and was not presently under the influence of any drug, alcohol, or medication.   (Doc. 160 at 2–3.)    Odom confirmed that he had no problem communicating with his attorney.   The district court addressed the substantial assistance provision of the plea agreement, asking Odom if he understood that it was the United States Attorney's office personnel who determined whether he had substantially cooperated, not the court, and Odom responded in the affirmative.  (*Id.* at 4.)  The district court further inquired of Odom if he understood that it was not certain that he would receive a substantial assistance motion, and Odom responded yes.  The district court further clarified by asking, "Even if you come in here and tell me all the great things that you did, that you think that you deserve a 5K, unless the United States agrees with you, then you don't get a 5K.  Do you understand that?" Odom responded that he understood.  (*Id.* at 5.)  The district court then clarified with Odom that he understood that he was waiving his right to appeal except in a few limited circumstances.  (*Id.* at 6.)  The district court further explained the potential penalties that Odom faced, including a mandatory minimum sentence of ten years to life, and he confirmed that he understood.

In the presentence investigation report ("PSI"), the probation officer assigned Odom a base level offense of 32 pursuant to U.S.S.G. § 2D1.1(c)(4) because Odom was responsible for 480 grams of methamphetamine.  After applying reductions due to acceptance of responsibility and assistance, the probation officer assigned an

4

offense level of 29.  Due to Odom's criminal history, the probation officer assigned him a criminal history category of III.  Based on the offense level and criminal history category, the statutory minimum of imprisonment was 10 years and the statutory maximum was life; however, the guideline range was 108 to 135 months.  Pursuant to U.S.S.G. § 5G1.1(c)(2), because the 10-year statutory minimum was greater than the minimum guidelines range, the guidelines range became 120 to 135 months.  Odom had no objections to the PSI.

Before sentencing, Odom moved to enforce the plea agreement, arguing that the government recently informed him that it would not be filing a substantial assistance motion.  He stated that the government alleged that he had been making "side drug deals," and he thought that was the reason why the government was not filing the motion.  Odom urged the district court to enforce the plea agreement or otherwise require the government to prove that he breached the agreement by committing another crime.  The government opposed Odom's motion to enforce, asserting that it had obtained substantial credible evidence from two law enforcement officers that Odom had been selling drugs in violation of the cooperation provision of his plea agreement.  (R. Doc. 155.)  The government emphasized that it had the sole discretion whether to file the substantial assistance motion and that the district court lacked authority to review the issue absent evidence

that the government acted with an unconstitutional motive. It also noted that Odom understood the terms of the plea agreement, as evidenced in the plea colloquy.

The district court found that, absent a constitutional violation, of which there was no evidence, it had no authority to question the government's discretion over its decision not to file the substantial assistance motion. The district court then stated that Odom's offense level was 29, his guideline range was 120 to 135 months, and the statutory mandatory minimum was 10 years. Odom requested a sentence at the low end of the guidelines, and the government recommended the 10-year mandatory minimum. Subsequently, the district court imposed the minimum 120-month sentence followed by a 5-year term of supervised release. The government moved to dismiss Count 2, which the district court granted.

## II.

This court reviews *de novo* the validity of a sentence appeal waiver. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We also review *de novo* whether the government breached a plea agreement. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008).

We will enforce a sentence appeal waiver if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant

about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351. We will enforce an appeal waiver where the district court specifically questioned the defendant during the plea colloquy about the appeal waiver, adequately explained the full significance of the appeal waiver, and confirmed that the defendant understood the waiver's significance. *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). The waiver of the right to appeal also includes the waiver of the right to appeal difficult or debatable legal issues or even blatant errors. *Id.* However, a waiver will not bar a claim that the government breached a plea agreement. *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016).

The first step in determining whether the government breached a plea agreement is to "determine the scope of the government's promises." *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004). A court determines whether the government violated the agreement by considering the defendant's "reasonable understanding" of the agreement at the time that he entered the plea. *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992). The government may motion the district court to depart from the guideline range based on a defendant's substantial assistance in the investigation or prosecution of another person. *See* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. The government's exercise of discretion in

7

whether to file such a motion is only subject to judicial review if it is based on an unconstitutional motive or is not rationally related to a legitimate government end. *Wade v. United States*, 504 U.S. 181, 185–86, 112 S. Ct. 1840, 1843–44 (1992). *See also United States v. Forney*, 9 F.3d 1492, 1502 n.5 (11th Cir. 1993) (stating that "our consideration of the government's refusal to make a 5K1.1 motion, where a specific contractual agreement to file a substantial assistance motion is not involved, [is] limited to those cases in which a constitutionally impermissible motive has been alleged"). "A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing." *United States v. Dorsey*, 554 F.3d 958, 960–61 (11th Cir. 2009).

**III.**

As an initial matter, the scope of our review depends on whether Odom's appeal waiver is enforceable, and we conclude from the record that it is. Odom waived his right to appeal, and he does not meet the waiver's exceptions because the district court did not exceed a statutory maximum sentence or exceed the guideline range. When the district court took Odom's guilty plea, it asked specifically about the waiver and the limited exceptions that would allow an appeal, and Odom confirmed that he understood, satisfying the requirements to enforce the waiver. *See Bushert*, 997 F.3d at 1351. Thus, we dismiss his appeal to

the extent that he challenges anything other than the government's alleged breach of the plea agreement.  However, to the extent that Odom argues that the government breached the plea agreement, we can review the claim, notwithstanding the appeal waiver.  *See Hunter*, 835 F.3d at 1324.

Based on our review of the record, we conclude that the government did not breach the plea agreement because it did not have a duty to file a substantial assistance motion either under the plea agreement or the governing law.  *See Copeland*, 381 F.3d at 1105; *Dorsey*, 544 F.3d at 960–61.  The plea agreement reserved the determination of whether Odom substantially assisted the government to its sole discretion.  The plea agreement also stated that the government would not file a motion if Odom committed a new offense.  When the district court emphasized the government's discretion with regard to the motion, Odom confirmed that he understood.  Furthermore, Odom had to allege and show that the government acted with an unconstitutional motive, which he has not done.

Accordingly, for the aforementioned reasons, we dismiss the appeal in part, and affirm the district court's imposition of Odom's 120-month total sentence.

**AFFIRMED IN PART AND DISMISSED IN PART**.